**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 19, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GIOVANNI MARTINEZ,

    Defendant - Appellant.

No. 19-7027
(D.C. No. 6:09-CR-00030-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of

this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

In 2010, Appellant Giovanni Martinez was convicted of possession with intent

to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and of

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He

was sentenced to 188 months' imprisonment on the drug charge and 120 months'

imprisonment on the firearm charge, both sentences to be served concurrently.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

On March 29, 2019, Martinez filed a motion seeking a reduction in his sentence based on the First Step Act of 2018 (the "Act"). *See* Pub. L. 115-391, 132 Stat. 5194. The district court dismissed Martinez's motion, concluding Martinez's crime of conviction is not a covered offense under the Act and, thus, a sentence reduction was not authorized by 18 U.S.C. § 3582(c)(1)(B). *See* 18 U.S.C. § 3582(c)(1)(B) (permitting a district court to modify an imposed term of imprisonment only "to the extent . . . expressly permitted by statute"). Proceeding *pro se* and *in forma pauperis*, Martinez appeals and we exercise jurisdiction under 28 U.S.C. § 1291.

Section 404 of "[t]he First Step Act of 2018 . . . permits a district court to reduce a sentence based on the lower statutory sentencing ranges of the Fair Sentencing Act of 2010." *United States v. Whittaker*, No. 19-7014, 2019 WL 3381788, at *1 (10th Cir. July 26, 2019) (unpublished disposition). Retroactive sentencing relief is available under the Act only if the defendant was sentenced for violating "a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." Pub. L. No. 115-391 § 404(a), 132 Stat. 5194, 5222. Relevant to the matter before this court,[1] section 2 of the Fair Sentencing Act amended 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) by increasing "the drug amounts triggering

---

[1] Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession of crack cocaine. Pub. L. No. 111-220 § 3, 124 Stat. 2372, 2372.

mandatory minimums for crack [cocaine] trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum [mandatory sentence] and from 50 grams to 280 grams in respect to the 10–year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012); Pub. L. No. 111-220 § 2(a), 124 Stat. 2372, 2372. Martinez, however, was convicted of violating 21 U.S.C. § 841(b)(1)(C), a statutory provision that criminalizes possession with intent to distribute crack cocaine, irrespective of quantity. The Fair Sentencing Act had no effect on § 841(b)(1)(C) and, thus, Martinez's crime of conviction is not a "covered offense" under the Act. *See* Pub. L. No. 115-391 § 404(a), 132 Stat. 5194, 5222 (defining "covered offense"). Accordingly, the district correctly concluded it lacked jurisdiction to reduce Martinez's sentence under the Act. *See United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005) ("A district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so . . . ." (quotation omitted)).

The district court's dismissal of Martinez's § 3582(c)(1)(B) motion for lack of jurisdiction is **affirmed**. Having concluded the Act does not authorize the modification of Martinez's sentence under § 3582(c)(1)(B), this court lacks jurisdiction to consider the other challenges to his sentence raised by Martinez for the

3

first time in this appeal. *See United States v. Spaulding*, 802 F.3d 1110, 1121 & n.11 (10th Cir. 2015).

Entered for the Court


Michael R. Murphy
Circuit Judge